**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

HAROLD HENDERSON,
ADC #85533                                                                               PLAINTIFF

v.                                        5:11-cv-00078-JLH-JJV

DAVID BREWER, Correction
Board Chairman, Arkansas Department
of Correction; *et al*.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge

J. Leon Holmes.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing (if such a  hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

Plaintiff, Harold Henderson, a state inmate proceeding *pro se,* filed this civil rights action (Doc. No. 2) pursuant to 42 U.S.C. § 1983, together with an Application to Proceed Without Prepayment of Fees and Affidavit pursuant to 28 U.S.C. § 1915 (Doc. No. 1). Although Plaintiff submitted a declaration that makes the showing required by § 1915(a), his Application will be denied. 28 U.S.C. § 1915(a).

## II.     SCREENING

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(a). Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court previously determined that Plaintiff is considered a "three-striker" within the

2

meaning of the PLRA, because more than three of his prior cases were dismissed as frivolous or for failure to state a claim.[1]  (Doc. No. 3).  However, before requiring prepayment of the entire filing fee or recommending dismissal of this case, the Court afforded Plaintiff an opportunity to explain whether any of his allegations could qualify for the "imminent danger" exception to the three-strikes provision.

Plaintiff filed an Amended Complaint (Doc. No. 5) alleging Defendants are knowingly and willingly delaying needed medical treatment for a serious prostate problem.  Although Plaintiff acknowledges Defendants are treating him, he claims they refuse to provide him with an outside consult with an urologist.  After reviewing the Amended Complaint, the Court still could not determine whether Plaintiff is in imminent danger of serious harm, and directed Plaintiff to provide grievances, sick call slips or other evidence to support his claim of imminent danger.  (June 6, 2011 Order, Doc. No. 6).  Plaintiff has now submitted copies of ten grievances submitted between January 5, 2007, and May 29, 2011 (Doc. No. 8).

The Court has reviewed the grievances submitted by Plaintiff, which include the responses from medical staff and Wendy Kelley, ADC Deputy Director for Health/Programs.   According to

---

[1]*See* 5:93cv00217 (dismissed as frivolous); 5:93cv00218 (dismissed as frivolous); 5:96cv00361 (dismissed for failure to state a claim); 5:96cv00540 (dismissed for failure to state a claim). Although two of these dismissals occurred prior to the PLRA enactment, pre-PLRA dismissals count as "strikes" for purposes of section 1915(g).  *See Welch v. Galie*, 207 F.3d 130 (2nd Cir. 2000); *Keener v. Pennsylvania Bd. Of Probation. & Parole*, 128 F.3d 143 (3rd Cir. 1997); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458 (5th Cir. 1998); *Wilson v. Yaklich*, 148 F.3d 596 (6th Cir. 1998) *reh'g and suggestion for reh'g en banc denied*, (July 17, 1998), and *cert denied*, 515 U.S. 1139 (1999); *Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999); *Tierney v. Kupers*, 128 F.3d 1310 (9th Cir. 1997); *Green v. Nottingham*, 90 F.3d 415 (10th Cir. 1996); *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998), *cert. dismissed*, 524 U.S. 978 (1998), *abrogated on other grounds* by *Jones v. Bock*, 549 U.S. 199 (2007); and *Ibrahim v. District of Columbia*, 208 F.3d 1032 (D.C. Cir. 2000), *cert. denied* 533 U.S. 906 (2001).

The Court also notes that since 1987, Henderson has filed in excess of fifty separate lawsuits in this Court, challenging the conditions of his confinement.

the grievances, Plaintiff complained on numerous occasions about prostate and other medical problems. Although some of his consults were delayed, he was seen by an outside urologist on June 16, 2009 at the University of Arkansas for Medical Sciences (UAMS), and was prescribed antibiotics. (Doc. No. 8 at 23, EAM09-01105). After that consult, Plaintiff filed several additional grievances, the responses to which acknowledge some delays in receiving medication but note that Plaintiff continues to receive medical care and treatment for his conditions. (Doc. No. 8). In the response to Grievance EAM10-04578 submitted on December 3, 2010, Kelley stated Plaintiff's appointment with an outside urologist was delayed, but scheduled for April 2011. (Doc. No. 8 at 29). The next grievance submitted by Plaintiff on March 4, 2011, included complaints about intestinal problems but did not include complaints about his prostate problems. (Doc. No. 8 at 33, EAM11-00900.) Plaintiff's next grievance included complaints that he had not been seen by medical personnel for numerous medical problems. (Doc. No. 8 at 37, EAM11-01093). According to Ms. Kelley's response, Plaintiff was seen at sick call on April 3, 2011; received a cystoscopy test on April 13, 2011; was seen at sick call on April 15 and 18, 2011, for ear/nose/throat complaints. *Id*.

Based on the grievances submitted by the Plaintiff, the Court finds insufficient evidence to support a conclusion that Plaintiff is in imminent danger of serious harm. Therefore, the Court finds that his present Complaint does not fall within the exception to the "three-strikes" provision of the PLRA, and that his request to proceed *in forma pauperis* should be denied.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff Henderson's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 1) should be DENIED.

2.      Plaintiff's Complaint should be DISMISSED without prejudice.

4

3,     Should Plaintiff wish to continue this case, he should be required to submit the statutory filing fee of $350.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case.  Upon receipt of the motion and full payment, the case will be reopened.

IT IS SO RECOMMENDED this 30th day of June, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE